IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANGELICA THOMPSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 1:14-CV-190 (WLS) |
| | : |
| MILLER LANDER, *et al.,* | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

Presently before the Court is Defendant Blachowske Truck Line, Inc.'s Motion to Dismiss. (Doc. 4.) For the following reasons, Defendant's Motion is **GRANTED**.

### RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On December 5, 2014, Plaintiff Angelica Thompson filed her complaint initiating the above-captioned case. (Doc. 1.) Therein, Plaintiff states she is a resident of the Middle District of Georgia that Defendant Miller Lander is a resident of Rincon, Georgia, and that Defendant Blachowske Truck Line is a South Dakota entity. (*Id.* at ¶¶ 2-3.) Plaintiff does not indicate a basis for the Court's jurisdiction in her complaint. (*Id.* at ¶ 5.) According to Plaintiff, while Defendant Lander was driving a "Frieghtline semi-truck" within the scope of his employment for Defendant Blachowske Truck Line he slammed into a vehicle driven by Plaintiff. (*Id.* at ¶¶ 6-9.) Plaintiff states that she was in no way responsible for the accident and that she was injured. (*Id.* at ¶¶ 10, 16.) On January 9, 2015, Defendant Blachowske Truck Line, Inc. moved the Court to dismiss Plaintiff's complaint. (Doc. 4.) Plaintiff did not respond to Defendant's Motion.

### DISCUSSION

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)1, 12(b)4, and 12(b)5. Defendant first asserts that Plaintiff's Complaint lacks

1

subject matter jurisdiction and should be dismissed in accordance with Fed. R. Civ. P. 12(b)1.

Federal courts are courts of limited jurisdiction. A plaintiff must affirmatively allege in his complaint the existence of jurisdiction and facts demonstrating its existence. *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 777 (11th Cir. 2008) (citing *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255 (11th Cir. 2000)); *see also* Fed. R. Civ. P 8(a)(1) ("A pleading that states a claim for relief must include . . . a short and plain statement of the grounds for the court's jurisdiction . . . ."). A plaintiff may do so by alleging one of two types of jurisdiction: (1) federal question jurisdiction, or (2) diversity of citizenship jurisdiction.  28 U.S.C. §§ 1331-32.  Plaintiff's Complaint does not provide the Court with a basis for subject matter jurisdiction.

Once a complaint is filed, "[a] defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.3d 1525, 1529 (11th Cir. 1990)); *see also Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)) ("[T]he court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true."). "Factual attacks," on the other hand, serve to "challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *McElmurray*, 501 F.3d at 1251.  Therefore, as the Eleventh Circuit has acknowledged in distinguishing between the two types of attacks, a district court's treatment of a motion to dismiss as a facial attack, rather than factual one, "consider[s] only the complaint and the attached exhibits." *Id.*  Defendant levies a facial challenge against Plaintiff's Complaint and as a result, the Court will conduct its analysis accordingly. Specifically, Defendant argues that diversity of citizenship does not exist.

To establish diversity of citizenship all plaintiffs must be citizens of a different state than the defendants and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332; *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). For the purposes of diversity, a corporation is a citizen of any State in which it has been incorporated and where its principal place of business is located. *Id.* A person is a citizen of the place where his permanent home is and where he intends to return when absent. *McCormick v. Aderholt*, 239 F.3d 1254, 1257-1258 (11th Cir. 2002.) The burden of establishing federal subject matter jurisdiction rests with the party bringing the claim. *Id.*

Defendant asserts that Plaintiff fails to state the residency of Defendants and therefore lacks diversity of citizenship. Viewing Plaintiff's complaint in a light most favorable to her, the Court disagrees with Defendant that Plaintiff fails to allege the citizenship of the parties. In fact, the Court finds that Plaintiff's complaint indicates that she is a citizen of Georgia, that Miller Lander is a citizen of Georgia, and that Blachowske Truck Line, Inc. is a South Dakota entity. However, therein the problem yet lies. 28 U.S.C. § 1332 is abundantly clear that all plaintiffs must be from different states than all defendants for a federal court to have subject matter jurisdiction based on diversity. *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247. Plaintiff's complaint states that she and Defendant Miller Lander are citizens of Georgia, the same state. As a result, diversity of citizenship is not present and this Court does not have subject matter over the above-captioned matter. Plaintiff has failed to respond or assert any other basis for this Court's consideration and therefore, Defendant's motion is due to be **GRANTED**.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendant's Motion. (Doc. 4.) Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. 1.)

**SO ORDERED**, this   2nd   day of September, 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3